UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| CYNDEE SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:04-CV-498 AS |
| | ) | |
| CASTAWAYS FAMILY DINER and | ) | |
| CARROL ANN GONZALEZ, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER and**
**REPORT AND RECOMMENDATION**

This case arises out of an employment discrimination action initially filed on January 7, 2004. On March 15, 2005, Plaintiff filed a motion to establish jurisdiction and a motion for sanctions. For the following reasons, this Court **RECOMMENDS** that Plaintiff's motion to establish jurisdiction [Doc. No. 17] be **DENIED AS MOOT**. Furthermore, this Court **DENIES** Plaintiff's motion for sanctions [Doc. No. 18].

**I.    RELEVANT BACKGROUND**

Plaintiff filed this case on January 7, 2004, in the Starke County Circuit Court alleging various causes of action. In Plaintiff's amended complaint, filed on July 14, 2004, she alleged violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e)(5), as amended by the Civil Rights Act of 1991, 42 U.S.C. § 1981a. On July 30, 2004, Defendants removed this case to this Court. In accordance with Fed. R. Civ. P. 16(b), this Court set this matter for a preliminary pretrial conference for November 5, 2004. During this conference, Defendants notified this Court that it may lack subject matter jurisdiction because Defendants did not meet the definition of employer under Title VII because they did not employ fifteen employees.

Consequently, this Court stayed all discovery except discovery which would establish whether Defendants employed fifteen employees.

Pursuant to this Court's order, on March 15, 2005, Plaintiff filed a motion to establish jurisdiction, stating that jurisdiction does exist because Defendants employed more than fifteen employees. Plaintiff also filed a motion for sanctions, seeking the reasonable attorney's fees associated with drafting the motion to establish jurisdiction. This Court has the authority to issue a report and recommendation on Plaintiff's motion to establish jurisdiction and rule on Plaintiff's motion for sanctions pursuant to its referral order and 28 U.S.C. § 636(b)(1)(A).

**II.    PLAINTIFF'S MOTION TO ESTABLISH JURISDICTION**

Under Title VII, an employer is one who employees fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year. 42 U.S.C. § 2000e(b). If an employer has fewer than fifteen employees for the requisite time period, it is not an "employer" for Title VII purposes and is, therefore, immune from suit. Geier v. Medtronic, Inc., 99 F.3d 238, 240 (7th Cir. 1996). Defendants initially stated that they did not employ fifteen employees, raising the question of whether this Court had jurisdiction over Plaintiff's case. Therefore, this Court ordered Plaintiff to file a motion to establish jurisdiction.

In her motion to establish jurisdiction, Plaintiff provides detailed information on the number of employees Defendants employed on a weekly basis in 2003. Based upon this information, Plaintiff alleges that jurisdiction exists because Defendant did in fact employ fifteen employees. In their response, Defendants state that they did not employ fifteen employees, but regardless, the question of whether an employer employed fifteen or more employees is not a

jurisdictional issue.  Therefore, Defendants concede that this Court has jurisdiction to hear Plaintiff's claims.

The Seventh Circuit has stated that a court does not lack subject matter jurisdiction where the defendant fails to meet the definition of employer under Title VII.  Rather, proving that a defendant is an employer subject to Title VII is an element that a plaintiff must prove as part of her prima facie case.  Komorowski v. Townline Mini-Mart and Restaurant, 162 F.3d 962, 964 (7th Cir. 1998) (per curium).  See also Papa v. Katy Industries, Inc., 166 F.3d 937, 943 (7th Cir. 1999).  Therefore, the jurisdictional question initially raised by Defendants and presented in Plaintiff's motion is moot under Seventh Circuit precedent.  Consequently, because this Court has subject matter jurisdiction to hear this case regardless of whether Defendants are employers under Title VII, this Court **RECOMMENDS** that Plaintiff's motion to establish jurisdiction [Doc. No. 17] be **DENIED AS MOOT**.

### III.  PLAINTIFF'S MOTION FOR SANCTIONS

Plaintiff also filed a motion for sanctions, requesting the reasonable attorney's fees associated with bringing the motion to establish jurisdiction.  It appears that Plaintiff is requesting sanctions under Fed. R. Civ. P. 37 because Plaintiff recites Defendants' numerous delays in providing discovery materials.[1]  Plaintiff then states that sanctions should be imposed on Defendants because they would not stipulate that they employed fifteen or more employees, forcing Plaintiff to file the motion to establish jurisdiction.

---

[1] Fed. R. Civ. P. 11 also allows a court to impose sanctions on a party, although sanctions under Rule 11 are to be imposed sparingly. Hartmarx Corp. v. Abboud, 326 F.3d 862, 867 (7th Cir. 2003)..  However, Rule 11 requires a twenty-one day notice requirement before filing a motion for sanctions.  As there is no evidence that Plaintiff served Defendants with the twenty-one day notification, it appears that Plaintiff's motion for sanctions is more appropriately analyzed under Rule 37.

Rule 37 states that a court shall impose sanctions when a motion to compel discovery has been granted.  See Fed. R. Civ. P. 37(a)(3).  In addition, Rule 37 allows a court to impose sanctions when a party has violated a court order.  See Rule 37(b)(2).  However, in the present case, Plaintiff did not file a motion to compel that would have alerted this Court to Defendants' discovery violations.  This Court cannot punish Defendants for alleged violations which were not previously brought to this Court's attention.  In addition, Plaintiff does not submit any evidence that Defendants have violated any court orders that would allow for sanctions under Rule 37(b)(2).  Finally, if Plaintiff was seeking sanctions under Rule 37, she has failed to file the certification required by this Court's local rules.  See N.D. L.R. 37.1.

While it is unfortunate that Plaintiff was required to spend numerous hours conducting discovery and drafting a motion that is moot under Seventh Circuit precedent, Plaintiff's efforts are not fruitless.  Plaintiff would have been required to conduct the discovery in order to file her response to Defendants' pending motion for summary judgment.  Had both parties conducted preliminary research on the issue of jurisdiction and discovered the controlling Seventh Circuit authority, both sides would have saved the time and effort of drafting and responding to the motion.  However, because Plaintiff has not articulated a valid reason for imposing sanctions on Defendants pursuant to Rule 37, this Court **DENIES** Plaintiff's motion for sanctions [Doc. No. 18].

**IV.   CONCLUSION**

For the aforementioned reasons, this Court **RECOMMENDS** that Plaintiff's motion to establish jurisdiction [Doc. No. 17] be **DENIED AS MOOT** and **DENIES** Plaintiff's motion for sanctions [Doc. No. 18].

4

**NOTICE IS HEREBY GIVEN that within ten (10) days after being served with a copy of this recommended disposition a party may serve and file specific, written objections to the proposed findings and/or recommendations.  Fed.R.Civ.P. 72(b).  FAILURE TO FILE OBJECTIONS WITHIN THE SPECIFIED TIME WAIVES THE RIGHT TO APPEAL THE DISTRICT COURT'S ORDER.**

**SO ORDERED.**

Dated this 22nd Day of April, 2005.

<u>s/Christopher A. Nuechterlein</u>
Christopher A. Nuechterlein
United States Magistrate Judge