UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| CYNDEE SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:04-CV-498 AS |
| | ) | |
| CASTAWAYS FAMILY DINER, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER AND OPINION**

On April 13, 2005, Defendant filed a motion for summary judgment. Defendant attached eight unidentified exhibits to its memorandum in support of its motion for summary judgment. On April 15, 2005, Plaintiff filed a motion to strike Defendant's supporting memorandum in its entirety for non-compliance with this Court's local rules. This Court may rule on Plaintiff's motion pursuant to its referral order and 28 U.S.C. § 636(b)(1)(B).

An adverse party shall have fifteen days after service of a motion in which to serve and file a response. N.D. L.R. 7.1(a). Failure to file a response within the time prescribed may subject the motion to summary ruling. Id. As of this date, Defendant has neither responded to Plaintiff's motion, nor provided any explanation for its inaction. This Court could assume that Defendant does not object to Plaintiff's motion and summarily grant said motion. However, because Plaintiff's motion seeks to strike Defendant's memorandum in its entirety, which would greatly delay a ruling on Defendant's motion for summary judgment, this Court will address the merits of Plaintiff's motion to strike.

N.D. L.R. 5.1(a) states that "any paper presented to the clerk for filing which contains four or more exhibits shall include a separate index identifying and briefly describing each

exhibit." Plaintiff moves to strike Defendant's memorandum because it does not contain an index identifying Defendant's eight exhibits. The decision whether to apply a local rule strictly or to overlook any transgression is within this Court's discretion. Little v. Cox's Supermarkets, 71 F.3d 637, 641 (7th Cir. 1995). While Defendant's memorandum does not comply with this Court's local rules, the non-compliance is not so severe that it warrants striking it in its entirety. If Defendant's memorandum contained numerous unidentified exhibits, strict application of Rule 5.1(a) might be warranted. However, Defendant's memorandum only contains eight exhibits, which can be easily identified when reading Defendant's memorandum. Therefore, Plaintiff's motion to strike Defendant's memorandum in support of its motion for summary judgment [Doc. No. 29] is **DENIED**.

    **SO ORDERED.**

    Dated this 6th Day of May, 2005.

    s/Christopher A. Nuechterlein
    Christopher A. Nuechterlein
    United States Magistrate Judge