UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| CYNDEE SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:04-CV-498 AS |
| | ) | |
| CASTAWAYS FAMILY DINER and | ) | |
| CARROL ANN GONZALEZ, | ) | |
| | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION
and ORDER**

This case arises out of various state claims filed by Plaintiff in the Starke County Circuit Court on January 7, 2004. On July 30, 2004, Defendants removed the case to this Court after Plaintiff amended her complaint to include alleged violations of Title VII of the Civil Rights Act of 1964, as codified in 42 U.S.C. § 2000(e)(5). On April 13, 2005, Defendants filed a motion for partial summary judgment. For the following reasons, this Court **RECOMMENDS** that Defendants' motion [Doc. No. 26] be **GRANTED** and that this matter be **REMANDED** to the Starke County Circuit Court for disposition of the state claims. Furthermore, Plaintiff's motion to strike [Doc. No. 38] is **DENIED AS MOOT**.

**I.     RELEVANT BACKGROUND**

   A.     Factual Background

Defendant Castaways Diner ("Castaways") is a sole-proprietorship family restaurant owned by Defendant Carrol Ann Gonzalez ("Carrol"). Carrol's husband, Ricardo Gonzalez ("Gonzalez"), and her mother, Phyllis Foust ("Foust"), work at Castaways. Gonzalez and Foust have the power to hire and fire the employees and to impose discipline without first checking

with Carrol.  Carrol Aff. ¶ 6.  They do not report to Carrol, nor does Carrol supervise their work, set their hours, require them to keep a schedule, or impose regulations upon the manner in which they conduct their work.  Carrol Aff. ¶ 8.  Both Gonzalez and Foust have the ability to establish and alter the policies and procedures to be followed by the employees.  Carrol Aff. ¶ 7.  Gonzales shares in the Castaways' profits and losses.  Carrol Aff. ¶ 10.  While Foust has never actually written a check in the past four years, she is the bookkeeper and has the authority to issue checks on Castaways' bank account.  Carrol Aff. ¶ 11; Foust Aff. ¶ 8. Carrol never considered either Gonzalez or Foust as her employees.  Carrol Aff. ¶ 9.

    B.    <u>Procedural Background</u>

Plaintiff Cyndee Smith, a Caucasian female, began working as a part-time waitress for Castaways on March 5, 2003.  During her employment, a bus boy and a cook allegedly sexually harassed Plaintiff and touched Plaintiff in an inappropriate sexual manner.  Plaintiff Aff. ¶ 2.  On January 7, 2004, Plaintiff filed a complaint against Defendants in the Starke County Circuit Court alleging battery, negligent hiring/supervision, and infliction of emotion distress.  Plaintiff amended her complaint and asserted, in addition to the state law claims, that Defendants violated Title VII because Plaintiff was harassed and discriminated against based upon her gender, race, and national origin.  Further, Plaintiff contends that she suffered retaliation.  On July 30, 2004, Defendants removed the case to this Court.

In response to Defendants' initial assertion that this Court did not have jurisdiction over this matter because Defendants were not employers as defined by Title VII, on March 15, 2005, Plaintiff filed a motion to establish jurisdiction.  The court adopted this Court's recommendation to deny Plaintiff's motion on May 12, 2005, because whether or not one is an employer subject

to Title VII is not a jurisdictional issue, but an element that a plaintiff must prove as part of her *prima facie* case.

On April 13, 2005, Defendants filed a motion for partial summary judgment alleging that they are entitled to summary judgment on Plaintiff's Title VII claims because Defendants were not employers within the meaning of Title VII because they did not employ the required number of employees. In her response, Plaintiff contends that Defendants are employers and that not only should this Court deny Defendants' motion, it should enter judgment in favor of Plaintiff on this issue. Defendants then filed a reply which included a supplemental affidavit from Carrol. On June 14, 2005, Plaintiff filed a motion to strike Carrol's supplemental affidavit. This Court may issue a report and recommendation on Defendants' motion for partial summary judgment and rule on Plaintiff's motion to strike pursuant to its referral order and 28 U.S.C. § 636(b)(1)(B).

**II.    SUMMARY JUDGMENT STANDARD**

Summary judgment is proper where the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Lawson v. CSX Transp., Inc., 245 F.3d 916, 922 (7th Cir. 2001). In determining whether a genuine issue of material fact exists, this Court must construe all facts in the light most favorable to the nonmoving party as well as draw all reasonable and justifiable inferences in favor of that party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986); King v. Preferred Technical Group, 166 F.3d 887, 890 (7th Cir. 1999). To overcome a motion for summary judgment, the nonmoving party cannot rest on the mere allegations or denials

3

contained in its pleadings. Rather, the nonmoving party must present sufficient evidence to show the existence of each element of its case on which it will bear the burden at trial. Celotex v. Catrett, 477 U.S. 317, 322-23 (1986); Robin v. Espo Engineering Corp., 200 F.3d 1081, 1088 (7th Cir. 2000). Where a factual record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citing Bank of Ariz. v. Cities Services Co., 391 U.S. 253, 289 (1968)).

### III.    DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Plaintiff alleges various violations of Title VII. Title VII provides that it is an unlawful employment practice for an employer

> to fail or refuse to hire or discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin.

42 U.S.C. § 2000e-2(a)(1). An employer, as defined by 42 U.S.C. § 2000e(b), is one who employs fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year. One who is not an "employer" as defined by 42 U.S.C. § 2000e(b) is not liable under Title VII. See generally Williams v. Banning, 72 F.3d 552 (7th Cir. 1995). Proving that a defendant is an employer under Title VII is an element that a plaintiff must prove as part of her prima facie case. Komorowski v. Townline Mini-Mart and Restaurant, 162 F.3d 962, 964 (7th Cir. 1998) (per curium). See also Papa v. Katy Industries, Inc., 166 F.3d 937, 943 (7th Cir. 1999).

An employee is an individual who is "employed by an employer." 42 U.S.C. § 2000e(f). Recognizing this circular definition, the Supreme Court stated that an employer has an employee

if he maintains an employment relationship with the individual.  Walters v. Metro. Educ. Enters., Inc., 519 U.S. 202, 207 (1997).  In Walters, the Supreme Court held that the payroll method should be used to determine whether an employment relationship existed between an individual and the employer.  Id. at 206-07.  Under the payroll method, a plaintiff must introduce evidence of the defendant's payroll records to prove that fifteen or more employees appeared on the employer's payroll for twenty or more calendar weeks, regardless of whether or not every employee on the payroll shows up for work every day of the calendar week.  Id.

    A.    Plaintiff Has Not Shown that Defendants Employed Fifteen or More Employees in 2002

Both parties note, and this Court acknowledges, the uphill battle that Plaintiff has faced in attempting to prove her prima facie case because most of Defendants' business and payroll records have been destroyed due to numerous computer failures.  Hence, neither party is able to produce sufficient evidence as to the number of employees Defendants employed in 2002.[1]  Although it is Defendants' motion for summary judgment, it is part of Plaintiff's prima facie case to establish that Defendants did employ fifteen or more employees once Defendants contended that they were not employers.  Because Defendants' did not provide any evidence, Plaintiff could survive summary judgment on this issue by providing a relatively small amount of evidence.  However, Plaintiff cannot provide any evidence establishing the number of employees Defendants had in 2002 and has thus failed to create a genuine issue of material fact on this issue.  Consequently, Plaintiff must establish that Defendants employed fifteen or more employees in 2003 in order to proceed on her Title VII claim.

---

[1] Parties agree that because the alleged violation occurred in 2003, the applicable years for determining whether Defendants are employers are 2002 and 2003.  This Court agrees and will examine whether Defendants employed the required number of employees in either 2002 or 2003.

B.  Defendants did not Employ Fifteen or More Employees in 2003

Defendants assert that Plaintiff has inflated her weekly calculations by erroneously including certain individuals in her count. Specifically, Defendants contend that Plaintiff has included two individuals who are not technically employees, four individuals who worked only in 2002, or for a brief time in 2003, but who were counted as working through 2004, and four employees who began or terminated their employment mid-week. In examining parties' submissions, it is evident that Defendant did not employ fifteen or more employees in 2003.

1.  Ricardo Gonzalez and Phyllis Foust are not Employees

In her calculations, Plaintiff classifies Gonzalez and Foust as employees. Defendant, however, asserts that these individuals are not employees. In Clackamas Gastroenterology Assocs., P.C. v. Wells, 538 U.S. 440, 442 (2003), the Supreme Court, in addressing whether a shareholder was an employee in an Americans with Disabilities Act case, adopted a six part test to help determine whether an individual is an employee. The factors a court should consider are:

> a) Whether the organization can hire or fire the individual or set the rules and regulations of the individual's work;
> b) Whether and, if so, to what extent the organization supervises the individual's work;
> c) Whether the individual reports to someone higher in the organization;
> d) Whether and to what extent the individual is able to influence the organization;
> e) Whether the parties intended that the individual be an employee, as expressed in written agreements or contracts; and
> f) Whether the individual shares in the profits, losses and liabilities of the organization.

Id. at 449-50. The focus of these factors is the control over the individual. Id. at 448. However, in dicta, the Court noted that the factors are not exhaustive and should not be treated as a "shorthand formula." Id. at 450.

Applying the factors, Gonzales and Foust are not employees.  The first three factors weigh heavily against a determination that Gonzalez and Foust are employees because Defendants did not exercise any control over them or their work.  In Carrol's affidavit, she testified that she does not set the rules or work regulations for Gonzalez and Foust, nor does she supervise their activities.  In addition, Defendants do not set the hours that Gonzalez and Foust are required to work because Gonzalez and Foust are in charge of their own schedules.  Neither individual reports to the Defendants because Gonzalez and Foust "run the show."  Carrol Aff. ¶ 8.

Furthermore, Gonzalez and Foust do influence the organization.  Plaintiff asserts that Gonzalez and Foust are more like managers, but Defendants' uncontradicted evidence reveals otherwise.  Both individuals can hire and fire employees without prior approval from Defendants.  They can alter the employees' tasks, as well as the policies and procedures followed by the other employees.  Gonzalez is in charge of managing and running the kitchen, which includes creating and changing the menu and ordering any necessary supplies.  Foust runs and manages the front of the restaurant.  As the bookkeeper, Foust has the authority, although she does not readily exercise it, to write checks from Castaways' bank account.  Thus, Gonzalez and Foust have much more influence and control over the company than a regular manager.

Plaintiff also cites to Solon v. Kaplan, 398 F.3d 629 (7th Cir. 2005), to allege that Gonzalez and Foust do not influence the organization.[2]  While the individual in Solon did exercise significant influence over the company, which included the power to vote on the

---

[2] In her motion, Plaintiff asserts that Defendants mistakenly relied on Solon when analyzing the control issue.  This Court notes that Defendants did not rely on the analysis from Solon to assert that Gonzalez and Foust were employees, but rather to show that the Seventh Circuit has adopted the Clackamas factors for Title VII cases.

7

dissolution of the company, there is not a threshold level of influence that is required in order to satisfy the Clackamas test. Therefore, although Gonzalez and Foust did not possess exactly the same type of control as the individual in Solon, as illustrated above, they did influence the operation of Castaways, supporting the conclusion that they are not employees.

The fifth factor inquires into the parties' intentions. Carrol, in her sworn affidavit, testified that she did not consider either Gonzalez or Foust employees. Furthermore, Foust did not consider herself an employee. Foust Aff. ¶ 10. These statements support the conclusion that the individuals were not employees. In an attempt to create an issue of fact, Plaintiff contends that because Defendants listed Gonzalez and Foust on the employee list, Defendants considered Gonzalez and Foust their employees. However, the mere title that Defendants once assigned to the individuals should not necessarily be used to determine whether an individual is an employee. Clackamas, 538 U.S. at 450. Plaintiff also contends that the fact that Gonzalez received a paycheck is proof that he is an employee. Whether or not Gonzalez received a pay check for his services does not create a genuine issue that parties intended Gonzalez to be an employee because it is hard to imagine that Gonzalez would have donated his time with no expectation of compensation. Finally Plaintiff states that Foust was employed as a manager. Plaintiff Aff. ¶ 8. Plaintiff's statement that Foust was "employed" is insufficient to create a genuine issue of fact when the two individuals in the relationship, Carrol and Foust, both contend that they never considered Foust an employee.

Finally, with regards to the last factor, Gonzalez shares in the profits and losses of the company. Consequently, the undisputed facts illustrate that a majority of the factors are present for both Gonzalez and Foust, which demonstrate that they were not Defendants' employees.

8

Because there are no genuine issues as to the material facts, Gonzalez and Foust should be removed from Plaintiff's weekly calculations.

### 2. Due to a Typographical Error, Isaiah Smith, Helen Scott, Heather Tapley, and Kelly Belcher Should be Removed from Portions of Plaintiff's Calculations

When Defendants initially answered Plaintiff's interrogatories, they admitted that Isaiah Smith, Helen Scott, Heather Tapley, and Kelly Belcher had been employees for the majority of 2003. However, upon closer examination, Defendants realized that there was a typographical error on the employee list that they had been relying on. Thus, Defendants contend that these individuals were included in the weekly count for weeks in which they were no longer on the payroll. Plaintiff asserts that Defendants have had ample time to correct its mistakes and now claim typographical errors only after she has shown that Defendants did employ fifteen or more employees.

On the employee list, Isaiah Smith's and Helen Scott's termination dates are listed as February 2004. However, Defendants now submit several affidavits contending that Smith and Scott were only employed for five days in February 2002 and February 2003, respectively. Similarly, Heather Tapley worked for approximately two weeks in June 2002. However, the employee list listed her as an employee from June 2002 through June 2003. In addition, Kelly Belcher worked from January 2003 to February 2003, although she was initially listed as employed through February 2004. See Frazier Aff. ¶ 3-6; Carrol Aff. ¶ 12-15; Foust Aff. ¶ 12-15.

Although it is unfortunate that Defendants did not discover this discrepancy earlier, it does not appear that Defendants are acting in bad faith by now attempting to correct the earlier

9

mistake. This Court cannot rely on faulty information when determining whether Defendants employed fifteen or more employees, especially in a case as close as this. Defendants have submitted affidavits that demonstrate that these individuals were in fact terminated around the time that Defendants now assert. Aside from questioning the timing of the correction, Plaintiff provides no evidence that demonstrates that these individuals were indeed employed longer than Defendants now claim.[3] Consequently, these four individuals should be removed from the weekly totals for the weeks in which when there was no employment relationship.

### 3. At most, Defendants Employed Fifteen or More Employees in Only Thirteen Weeks in 2003

Construing the facts most favorable to Plaintiff and using Plaintiff's week by week calculation, after removing the six individuals, Gonzalez, Foust, Smith, Scott, Tapley, and Belcher, Defendants, at most, employed fifteen or more employees for only thirteen weeks in 2003. Although Defendants allege that even more employees were erroneously included in the calculation, removing the above individuals from the weekly calculations illustrates that Defendants did not employ fifteen or more employees for more than twenty calendar weeks in 2003. Thus, there is no need to address Defendants' remaining claims. Therefore, this Court recommends that Defendants' motion for partial summary judgment on the Title VII claims be granted. Because the claims that remain are state causes of action, this Court recommends that the case be remanded.

## IV. ANCILLARY MATTERS

---

[3] Plaintiff asserts that a payroll check illustrates that Helen Scott was employed from February 9, 2003, through February 15, 2003. However, it is immaterial if Scott was employed that week because even if she was included in the count, Defendants did not employ fifteen employees during that week.

On June 14, 2005, Plaintiff filed a Fed. R. Civ. P. 56 motion to strike Carrol's supplemental affidavit that Defendants provided as part of its reply brief.  Plaintiff asserts that the supplemental affidavit is an inappropriate attempt to introduce evidence that could have been presented in Defendants' initial brief.  However, after reviewing the supplemental affidavit, this Court concludes that the affidavit is not germane to Defendants' motion for partial summary judgment, and thus, did not factor into this Court's decision to recommend the granting of Defendants' motion.  Therefore, Plaintiff's motion to strike [Doc. No. 38] is **DENIED AS MOOT**.

V.  **CONCLUSION**

For the aforementioned reasons, this Court **RECOMMENDS** that Defendants' motion for partial summary judgment [Doc. No. 26] be **GRANTED** and that this case be **REMANDED** to the Starke County Circuit Court for disposition of the state claims.  Furthermore, Plaintiff's motion to strike [Doc. No. 38] is **DENIED AS MOOT**.

> **NOTICE IS HEREBY GIVEN that within ten (10) days after being served with a copy of this recommended disposition a party may serve and file specific, written objections to the proposed findings and/or recommendations.  Fed.R.Civ.P. 72(b). FAILURE TO FILE OBJECTIONS WITHIN THE SPECIFIED TIME WAIVES THE RIGHT TO APPEAL THE DISTRICT COURT'S ORDER.**
>
> **SO ORDERED.**

Dated this 16th Day of June, 2005.

                                     s/Christopher A. Nuechterlein
                                     Christopher A. Nuechterlein
                                     United States Magistrate Judge